# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JANETTE SEPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cv-01823-JCH |
| ) | |
| ALLSTATE FIRE AND CASUALTY ) | |
| INSRUANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Janette Seper's Motion to Remand, filed December 22, 2015. (ECF No. 8.) The Motion has been briefed and is ready for disposition.

## BACKGROUND

On November 10, 2015, Seper filed her Complaint for breach of contract (Count I) and vexatious refusal to pay (Count II) in the Circuit Court of St. Louis City against Defendant Allstate Fire and Casualty Insurance Company ("Allstate"). (Complaint, ECF No. 1.4.) Seper alleges that she was involved in a motor vehicle accident that resulted in her undergoing medical treatment, and that Allstate failed to provide underinsured motorist coverage pursuant to the terms of her automobile insurance policy (hereinafter, the "Policy"). *Id.* ¶¶ 5-14, 22. The Policy provided Seper with "underinsured motorist coverage with limits of $50,000.00 per person." *Id.* ¶ 6. For relief, Seper seeks to recover "an amount in excess of $25,000.00," along with statutory penalties and attorney's fees. *Id.* ¶¶ 22, 25.

In December 2015, Allstate removed the action to this Court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1.) Seper now moves for remand, arguing that the

1

Court lacks jurisdiction because the actual amount in controversy does not exceed $75,000, as the Policy limits underinsured motorist coverage to $50,000. (ECF No. 8.) Seper has also filed a Stipulation stating that her claim for damages as set forth in her Complaint does not exceed $75,000 exclusive of interests and costs.[1] (ECF No. 8.2.) In response, Allstate argues that Seper's claim for policy limits, vexatious penalties, and attorney's fees easily exposes Allstate to damages in excess of $75,000. (ECF No. 9.)

## DISCUSSION

Federal courts are courts of limited jurisdiction. *See Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005). "Defendants may remove civil actions to federal court only if the claims could have been originally filed in federal court." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). Allstate seeks to remove this case on the basis of diversity jurisdiction. Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and the citizenship of the plaintiff is diverse from the citizenship of the defendant. *See* 28 U.S.C. § 1332.

Where, as here, the Complaint alleges an amount under the jurisdictional minimum, the party seeking removal and opposing remand bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). To meet this burden, the party must provide "some specific facts or evidence demonstrating that the jurisdictional amount is met." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). Under this standard, the question is not whether the damages are in fact greater than $75,000, but

---

[1] In the event a plaintiff seeks to avoid removal by filing a stipulation, such stipulation must be filed with the Complaint and prior to the defendant's removal of a case. *See Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012).

whether a fact finder might legally conclude they are. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Statutory attorney's fees are properly considered, along with damages and statutory penalties, in determining the amount in controversy. *See Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005).

The Court must "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). Removal statutes are strictly construed, and "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted).

In Count I of her Complaint, Seper seeks damages for Allstate's purported breach of the Policy, the terms of which limit the amount Seper could recover for breach of contract to $50,000. However, in Count II, Seper seeks damages for vexatious refusal to pay pursuant to Missouri Revised Statute Section 375.420. Section 375.420 provides for damages in an action against any insurance company if the plaintiff has established that the company has refused to pay, "without reasonable cause or excuse," for the loss under a policy of automobile insurance. Mo. Rev. Stat. § 375.420. Such damages are "not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee." *Id.* Pursuant to the statutory formula, the maximum amount Seper could recover on her vexatious refusal to pay claim, excluding attorney's fees, is $5,150. Thus, in order to meet the jurisdictional threshold, Allstate must show that the Court could award Seper attorney's fees in excess of $19,850, which is approximately 36% of her potential maximum damages.

Allstate argues that that the Court has broad discretion in granting attorney's fees. In doing so, Allstate points to two cases in which attorney's fees were awarded under section 375.420 well in excess of 36% of the actual damages. *See Tate v. Golden Rule Ins. Co.*, 859 S.W.2d 831, 835 (Mo. Ct. App. 1993) (affirming award of attorney's fees under § 375.420 in amount of $20,915 where claim of actual damages was $5,035.69); *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454 (Mo. 2006) (en banc) (affirming award of attorney's fees under § 375.420 in amount of $18,089.57 where claim of actual damages was $5,150). Citations to similar cases in which attorney's fees were awarded can serve as evidence that the amount in controversy exceeds $75,000. *See Harris v. TransAmerica Life Ins. Co.*, 4:14-cv-186 CEJ, 2014 WL 1316245, at *2 (E.D. Mo. Apr. 2, 2014). However, Allstate does not specify an amount it believes Seper may incur in attorney's fees, nor does it explicitly suggest a formula for calculating such.

In addition, Allstate also points to *Peng Vang v. Mid-Century Ins. Co.*, No. 12-CV-01309-DGK, 2013 WL 626985, at *2 (W.D. Mo. Feb. 20, 2013), a case in which the plaintiff's explicit monetary request was for $63,400, and the Court found that statutory attorney's fees alone were likely to be more than $11,601. In doing so, the Court cited cases in which attorney's fees were estimated by calculating a 25% contingency fee. *Id.* (citing *Young v. State Farm Fire & Cas. Co.*, No. 4:08CV1891MLM, 2010 WL 173832, at *2 n.3 (E.D. Mo. Jan 15, 2010) (in calculating amount in controversy, it is reasonable for court to estimate that attorney's fees will be based upon 25% contingency fee); *Osia v. Mid-Century Ins. Co.*, No. 4:06CV658 CAS, 2006 WL 1523020, at *1 (E.D. Mo. May 30, 2006) (same)). Based upon the formula set forth in *Peng Vang* and the cases cited therein, Seper's estimated attorney's fees would be $13,787.5, yielding

4

a total amount in controversy of $68,937.5. This amount is insufficient to meet the jurisdictional threshold.

Because Allstate has failed to clarify a reasonable method for estimating the attorney's fees that Seper might obtain, and because Allstate has not provided any other evidence, the Court is left to blindly speculate on the matter. This falls short of the showing necessary to defeat a motion to remand. Therefore, the Court will grant Seper's Motion.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 8) is **GRANTED**, and that this matter is **REMANDED** to the Circuit Court of the City of St. Louis.


Dated this 12th day of January, 2016.

/s/       Jean C. Hamilton
UNITED STATES DISTRICT JUDGE
